IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COURDE V. PUKANECZ,<br>    Plaintiff,<br>vs.<br>BARTA TRANSIT AUTHORITY,<br>    Defendant.<br>vs.<br>EASTON COACH COMPANY,<br>    Defendant. | CIVIL ACTION NO.: _____<br><br>JURY TRIAL DEMANDED |

COMPLAINT-CIVIL ACTION

## I. PRELIMINARY STATEMENT

1. Courde V. Pukanecz (hereinafter "Plaintiff") brings this action pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq., (hereinafter "ADA"); against Berks Area Regional Transportation Authority (hereinafter "BARTA") and Easton Coach Company (hereinafter "Easton Coach") alleging violations of Title II of the ADA statute.

In addition, Plaintiff brings a common law claim of Negligent Infliction of Emotional Distress against Easton Coach.

Plaintiff suffers from a number of different medical and psychology maladies including but not limited to Type 1 Diabetes, Multiple Sclerosis and Bi-Polar Disorder and is disabled for purposes of the ADA. On or about February 4, 2018, Plaintiff contacted BARTA and requested transportation to a medical appointment on February 5, 2018. BARTA referred and sub-contracted the transport engagement to Easton Coach.

During the transport, Plaintiff experienced an episode of urinary incontinence and requested that the Easton Coach driver pull off the road so that the Plaintiff could either urinate into a special medical vessel or self-catheterize.

The Easton Coach driver refused to co-operate with the Plaintiff; and instead called BARTA and requested assistance. In response to the Easton Coach driver's request, BARTA requested 911 assistance.

Three policemen separately arrived on the scene, confronted the Plaintiff; and ultimately arranged for the transport of the Plaintiff for medical care.

Plaintiff seeks compensatory damages, attorneys' fees and costs from the Defendants.

## II.   JURISDICTION

2.   Jurisdiction is predicated upon Section 308(a) of The Americans with Disabilities Act, 42 U.S.C. §12188(a). Jurisdiction is further predicated upon 28 U.S.C. §1331, this being an action arising under the laws of the United States. This Court has Pendent Jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C §1367; as those claims arise out of the same common nucleus of operative facts as Plaintiff's federal claims.

The venue in this district is properly 28 U.S.C §1391, as all parties reside or do business in this district, and the unlawful practice or act which is the basis of Plaintiff's Complaint occurred in this judicial district.

## III.   PARTIES

3.   Courde V. Pukanecz ("Plaintiff") is an adult individual residing at 2541 Route 737, Kempton, PA 19529.

4. Defendant, Berks Area Regional Transportation Authority, ("BARTA") is a public Transportation Authority serving the City of Reading and Berks County, Pennsylvania with its administrative offices located at 1700 N. Eleventh Street, Reading, PA 19604.

5. Defendant, Easton Coach Company, is a Delaware Business Corporation with its Pennsylvania headquarters located at 1200 Conroy Place, Easton, PA 18040.

## IV. FACTUAL ALLEGATIONS

6. On or about February 5, 2018, Plaintiff was utilizing the services of an Easton Coach paratransit van driven by IBIS ROSA.

7. Plaintiff had requested transportation services through Defendant, BARTA, in order to travel to West Reading, Berks County, Pennsylvania to receive medical treatment for his type 1 diabetes.

8. Plaintiff, Courde V. Pukanecz, had at the time of this incident multiple physical and mental afflictions which included multiple sclerosis, type 1 diabetes, tardive dyskinesia, bi-polar disorder.

9. Plaintiff, was at the time of the incident in question qualified and receiving Supplemental Security Income (SSI) as a result of his various medical problems.

10. As a result of the request to Defendant BARTA for transportation assistance, an Easton Coach paratransit van was provided for this purpose.

11. Plaintiff was collected at his home at 2541 Route 737, Kempton, Berks County, PA by The Easton Coach driven by IBIS ROSA.

12. During transport of Plaintiff to his doctor's appointment, Plaintiff experienced an extreme urgency to urinate which was a common occurrence for Plaintiff; and which had been previously disclosed to BARTA by Plaintiff.

13. In anticipation of this problem, Plaintiff had packed in his travel bag, a medical vessel and catheter for his use in the event that he experienced an uncontrollable need to urinate.

14. During the transport, Plaintiff experienced urinary incontinence and began to leak into this pants which was visible to the driver, IBIS ROSA.

15. Plaintiff requested that the driver pull over so that he could either urinate into his medical vessel or self-catheterize himself.

16. The driver, IBIS ROSA stated that she could not pull over because that was in violation of company policy.

17. As a result of the refusal by IBIS ROSA to accommodate Plaintiff's request, an argument ensued.

18. As a result of the argument, the driver, IBIS ROSA contacted BARTA to report the situation.

19. Upon receipt of the call from the driver, BARTA called 911 and requested police assistance.

20. Upon arrival by the police, Plaintiff was confronted by a police officer with his handgun drawn and became extremely anxious and nervous (see Narrative report of Officer, Frank A. Cataldi, on page 2 of the Tilden Township Police report attached hereto as Exhibit "A").

21. Upon further evaluation of the situation, the police summoned an EMS unit who then transported the Plaintiff to the Reading Hospital.

22. As a result of the frightening and emotionally charged situation, Plaintiff was caused to suffer an exacerbation of symptoms from his various medical and psychological issues; resulting in increased bodily pain, anxiety, embarrassment and humiliation which have had a significant impact on his overall health and well-being.

23. As a result of the impact which this incident had upon the Plaintiff, Plaintiff was required to undergo inpatient medical care and rehabilitation to address these problems.

## COUNT I
## COURDE V. PUKANECZ vs. BARTA TRANSIT AUTHORITY
## VIOLATION OF PROVISIONS OF TITLE II
## OF THE AMERICANS WITH DISABILITIES ACT

24. The averments contained at paragraphs 1-23 are incorporated by reference as if fully stated herein.

25. Title 49 of the Code of Federal Regulations provides Department of Transportation regulations necessary to implement title II of the Americans with Disabilities Act.

26. BARTA which provides Designated Public Transportation and also is a Demand Responsive System as those terms are defined for purposes of the ADA; is subject to the terms and provisions of the ADA. See 49 CFR §37.3.

27. Plaintiff, Courde V. Pulanecz suffers from a number of physical and mental conditions such as diabetes and multiple sclerosis which are specifically referenced as disabling conditions and Plaintiff is therefore a member of a protected class of individuals subject to the ADA. See 49 CFR §37.3.

28. 49 CFR §27.173 titled Training Requirements requires as follows:

"Each public or private entity which operates a fixed route or demand responsive system shall ensure that personnel are trained to proficiency, as appropriate to their duties, so that they operate vehicles and equipment safely and properly assist and treat individuals

with disabilities who use the service in a respectful and courteous way, with appropriate attention to the difference among individuals with disabilities.

29. Despite Plaintiff's notification to the BARTA employee taking Plaintiff's transport reservation of his various medical issues, the BARTA staff and employees failed to assign a driver qualified to collect Plaintiff and appreciate and properly handle the special needs of Plaintiff.

WHEREFORE, Plaintiff demands judgment against BARTA for compensatory damages, attorney's fees and such other relief as this Honorable Court deems just and equitable.

## COUNT II
## COURDE V. PUKANECZ vs. EASTON COACH COMPANY
## VIOLATION OF AMERICANS WITH DISABILITIES ACT

30. The averments contained at paragraph 1-29 are incorporated as if fully state herein.

31. 49 CFR §37.3 defines a "Demand Responsive System" to include the provisions of transportation services by private entities.

32. As a private entity providing public transportation services, Easton Coach Company is subject to the terms and requirements of ADA.

33. It is believed and therefore averred that the driver, IBIS ROSA was an employee, agent or representative of Defendant, Easton Coach Company and was acting in the course and scope of her employment and/or duties at the time of the incident.

34. As an agent employee, the actions and conduct of IBIS ROSA are imputed to Defendant, Easton Coach Company based upon the theory of respondeat superior.

35. 49 CFR §37.173 titled Training Requirements requires as follows:

"Each public or private entity which operates a fixed route or demand responsive system shall ensure that personnel are trained to proficiency, as appropriate to their duties, so that they operate vehicles and equipment safely and properly assist and treat individuals

6

with disabilities who use the service in a respectful and courteous way, with appropriate attention to the difference among individuals with disabilities.

36. Despite Plaintiff's stated medical conditions which were made known at the time of the reservation, Defendant, Easton Coach failed to assign a driver with appropriate training, expertise; and demeanor to handle the Plaintiff with an appropriate level of dignity and respect as required by 49 CFR §37.173.

WHEREFORE, Plaintiff demands judgment against Easton Coach Company for compensatory damages, attorney's fees and such other relief as this Honorable Court deems just and equitable.

## COUNT III
## COURDE V. PUKANECZ vs. EASTON COACH COMPANY
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

37. The paragraphs 1-36 set forth herein above are incorporated by reference as if fully set forth herein.

38. 49 CFR §37.173 imposed a duty upon Easton Coach to properly train its personnel to insure that a disabled individual is treated in a professional, respectful and courteous way.

39. As a result of the discourteous and disrespectful treatment of Plaintiff by The Easton Coach Driver, Plaintiff sustained emotional distress, fear, embarrassment and humiliation resulting in physical pain which necessitated the hospitalization of Plaintiff in a facility for a number of weeks.

WHEREFORE, Plaintiff demands judgment against Easton Coach Company for compensatory damages, attorney's fees and such other relief as this Honorable Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**KOCH & KOCH**

By: _____
Philip J. Edwards, Esquire
Attorney I.D. No. 41085
217 North Sixth Street
P. O. Box 8514
Reading PA  19603
Tel: (610) 378-9002
Fax: (610) 378-9005
pedwards@kochandkoch.com
Attorney for Plaintiff

Dated: 1/31/2020

# Tilden Township Police
## Incident Report Form

**61-18-00121**
**02/05/2018**
**MENTAL SUBJECT**

**Primary Officer: FRANK A CATALDI - FAC**

- [ ] Juvenile Involved
- [ ] Investigation
- [ ] Video Available
- [ ] Gang Related
- [ ] Paperless
- [ ] Domestic Related
- [ ] Suspects
- [ ] Bias Crime
- [ ] Accident
- [ ] Administrative
- [ ] Alcohol Involved
- [ ] Arrests Made
- [ ] Drugs Involved
- [ ] Ready for DA / Prosecutor
- [ ] Alarm Activated

| Log Number | Incident Number | File Number | Case Number | UCR | | | |
|---|---|---|---|---|---|---|---|
| 61-18-00121 | 201800000174 | | NONUCR | | | | |
| Incident Type | MNTL | | | Source | District | Status | |
| MENTAL SUBJECT | | | | BERKS | SR61 | CLOSED | |

**Incident Date / Times** — Incident Occurred At or Between

| Date Received | Day Rec'd | Rcvd | Disp | Arrv | Clrd | Earliest Date and Time | Latest Date and Time |
|---|---|---|---|---|---|---|---|
| 02/05/2018 | Monday | 0835 | 0837 | 0847 | 0933 | | |

| Disposition | INC | | Cleared by Exception | | | [ ] Suspended |
|---|---|---|---|---|---|---|
| INCIDENT REPORT | | | | | | |

| UCR Clearance | | UCR Occur Date | UCR Clear Date | UCR Count | UCR Human Traffic Code | UCR HT Count |
|---|---|---|---|---|---|---|
| | | 02/05/2018 | | 1 | | 0 |

**Location** — [ ] Intersection

STATE ROUTE 61
HAMBURG  PA  19526

Cross Street: **INTERSTATE 78**
GPS Loc X:      GPS Loc Y:

Municipality: **TILDEN TOWNSHIP**

| Business Name | Premise Code | STREET | Arson Value |
|---|---|---|---|
| | PUBLIC STREET | | |

| Gang | Weather |
|---|---|
| | |

Modus Operandi Coding

Entry:       Victim:
Exit:        Property:
Method:      Area:
             Time of Day:

WEAPON USED:

Caller / Complainant Type:   Normal [ ]   Anonymous [ ]   Hangup [ ]   Refused [ ]

## INVOLVED PERSONS

**BUS DRIVER**   CODE: **BDRIV**

| Name (Last, First, Middle) - Address | Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|---|
| ROSA, IBIS<br>2526 CENTER AVE<br>READING PA 19601 | [ ] | 07/23/1973 | 44 | | F | | |
| | | Weight | Height | Hair | Eyes | | Phone Number |
| | | Driver License Number | | | State | Class | Expiration Date |
| | | ID Provided | | | ID Detail | | |

Link Comments

**SUBJECT OF INVESTIGATION**   CODE: **SUBJ**

---

| 61-18-00121 | 02/05/2018 | [X] | APPROVED BY: PETER J WITMAN | PAGE 1 |
|---|---|---|---|---|
| IRF 1.6 | | | APPROVED ON: 02/05/2018 | |

*EXHIBIT "A"*

# Tilden Township Police
## Incident Report Form

61-18-00121
02/05/2018
**MENTAL SUBJECT**

### INVOLVED PERSONS

**SUBJECT OF INVESTIGATION** — CODE: SUBJ

| Field | Value |
|---|---|
| Name (Last, First, Middle) - Address | PUKANECZ, COURDE VLADIMIR<br>2541 ROUTE 737<br>KEMPTON PA 19529 |
| Juvenile | |
| Date of Birth | |
| Age | 38 |
| Race | |
| Sex | M |
| Ethnic | |
| Social Security Number | |
| Weight | |
| Height | |
| Hair | |
| Eyes | |
| Phone Number | |
| Driver License Number | |
| State | |
| Class | |
| Expiration Date | |
| ID Provided | |
| ID Detail | |

Link Comments

### RESPONDING / INVOLVED UNITS, OFFICERS, TIMES

Division
Supervisor / ID

Unit Number
Officer / ID (Ofcr1 / Ofcr2): FRANK A CATALDI — FAC
Officer / ID (Ofcr3 / Ofcr4)

### COMMENTS / NARRATIVES

Title
**Mental Subject**

Narrative Created By / Creation Date: FRANK A CATALDI — 02/05/2018
Narrative Updated By / Update On: PETER J WITMAN — 02/05/2018
Narrative Approved By / Approved Date: PETER J WITMAN — 02/05/2018

On 2/5/2018, at approximately 0835Hrs. I, Officer Frank CATALDI was dispatched to the area of State Route 61 and Interstate 78, for a Barta Bus that was pulled over along the side the roadway with a disorderly male that had exposed himself and was throwing items on the bus. While enroute, I requested a Hamburg PD unit to respond to assist me.

Upon arrival, Officer Keven CHASE from Hamburg PD was on location. It was discovered upon arrival that the Barta Bus was a medical van operated by Easton Coach. The bus driver was Ibis ROSA, D.O.B 7/23/1973. ROSA was transporting a single passenger, Courde PUKANECZ, D.O.B 12/5/1979. PUKANECZ was being transported from his residence at 2541 Route 737, Kempton, PA 19529, to his diabetic center located in West Reading Borough.

Upon interviewing both PUKANECZ and ROSA, it was discovered that PUKANECZ has Autism and Multiple Sclerosis. PUKANECZ asked ROSA to stop somewhere so he could use a restroom to relieve himself. ROSA stated, per their policy, she was not allowed to stop. PUKANECZ attempted to urinate into a medical container, but was unable to since the bus was moving. At that point, an argument broke out between ROSA and PUKANECZ. ROSA pulled the bus over and called 911.

ROSA stated she was refusing to transport PUKANECZ because she didn't feel safe. At this point, I contacted EMS who arrived on location and evaluated PUKANECZ who stated his blood sugar was getting high. EMS assumed custody of PUKANECZ, who was being cooperative, and transported him to the Shoemakersville Diner where he was going to call his family to come pick him up.

Nothing further at this time.